NELLIE QUINN, ADMINISTRATRIX, *vs.* THE NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Q and three other track repairers were on a hand car going to their work when an extra train suddenly appeared coming towards them. The brakes were applied to the car as quickly as possible and the other men jumped off and were saved, but Q did not succeed in getting off and was killed. In a suit of his administratrix against the railroad company it became a question of importance whether Q was guilty of con-

tributory negligence in not getting off the car when he had time for it. On this point the defendants called one of the men who had escaped and, after he had stated the facts in detail, asked him if there was, or was not, time for Q to jump off between the putting on of the brakes and the collision. The court ruled out the inquiry. Held on appeal—

1. That the ruling could not be sustained on the ground that if the witness had stated truly the facts in detail it was manifest that Q had ample time to get off and there was no need of his opinion, because the court found that he was unable to jump off in season; nor on the ground that if his testimony as to the facts was not true his further testimony would not be believed, because the court had no right to rule out pertinent evidence on the ground that it did not believe it.

2. That, supposing the question to call for the opinion of the witness, it was yet admissible, because such a witness, familiar with the running of trains and hand cars, would form an instant judgment as to such a result without any conscious estimate of separate details.

3. That such evidence would seem to be rather a matter of fact to be determined by judgment or estimate, than a matter of opinion.

4. That the question was not objectionable as calling for the opinion of the witness upon the question of Q's negligence, because (1) it called simply for a fact that was one element of the question of negligence, while other facts might affect the question; and (2) if that fact were the one controlling element in the question of negligence, it would still be admissible though bearing decisively upon the precise question to be decided by the triers.

The superintendent of the road had testified for the defendants that the rules of the company as to the trains and employees were sufficient and the best that could be framed. On cross-examination he was asked with regard to a new rule given by him to the track foreman since the accident for the better protection of the track repairers. The inquiry was admitted, against objection, not for the purpose of proving the negligence of the defendants in respect to their rules at the time of the accident, but to affect the value of the expressed opinion of the witness as to the sufficiency of the then existing rules. Held to be no error.

[Argued June 15th—decided November 11th, 1887.]

ACTION to recover damages for causing the death of Michael Quinn, the plaintiff's intestate, by the negligence of the defendants ; brought to the Superior Court in New Haven County. The defendants suffered a default and the case was heard in damages before *Stoddard, J.* The court found the facts and assessed the damages at $2,500. The defendants appealed. The only matters considered by this court were certain questions of evidence, ruled adversely to

the defendants, the facts with regard to which are fully stated in the opinion.

*W. K. Townsend* and *G. D. Watrous*, for the appellants.

1. The defendants' questions to the fellow track repairer were of vital importance upon its claim of contributory negligence. The court excluded them on two grounds. (1) As to the veracity of the witness, the court in effect said: " I do not believe such facts as the witness has heretofore testified to, and therefore I exclude the opinion which he has based upon those facts, or the conclusion of fact which he has reached." This was a passing upon the credibility of the witness by the judge, which is a question exclusively for the jury. It was his province as judge simply to pass upon the admissibility of evidence, and an exclusion of a part of the testimony of the witness, which was clearly admissible, because of a lack of faith in the truth of what was already given, was manifest error. It is chiefly upon the ground that the witness is peculiarly familiar with the facts that such opinions, as conclusions of fact, are admissible. *Sydleman* v. *Beckwith*, 43 Conn., 9. (2) The second reason of exclusion was that the questions called substantially for the opinion of the witness as to the negligence of the deceased. It is admitted that the opinion of an ordinary witness that certain acts do or do not amount to negligence is inadmissible. But the present case by no means falls within the rule. The question was only as to the one element of time. It by no means would follow, as matter of necessity, from this circumstance alone, that the plaintiff was guilty of negligence. Many other facts might have co-existed with a sufficiency of time for jumping, and yet the plaintiff would not have been negligent. The question relates to the quantity of time only. The evidence was admissible, either as being that of an expert witness, or as that of an ordinary witness entitled to give an opinion from necessity. (a) The term " expert " is by no means confined to men of scientific training. All persons who practice a business or profession which requires them to possess a certain knowledge of the

matter in hand, are experts, so far as expertness is concerned. Rapalje's Law of Witnesses, 490, 502; Wharton on Evidence, § 444; Lawson on Expert Evidence, 2. It makes no difference whether the subject matter is common or uncommon, nor whether many persons or few have some knowledge of it. *Taylor* v. *Town of Monroe*, 43 Conn., 44. Railroad men are experts as to questions of railroad management. Lawson on Expert Evidence, 86; Redfield on Railways, § 134. The matters as to which Hayes was asked pertained to his employment, and were not equally within the knowledge of all men of ordinary intelligence. *Cooper* v. *Central R. R. Co.*, 44 Iowa, 134.— (*b.*) The opinion of the witness was admissible, even though not regarded as that of an expert. Lawson on Expert Evidence, Rule 63, p. 460; Wharton on Evidence, §§ 512, 513. As to questions of time. *Stewart* v. *The State*, 19 Ohio, 302; *Ward* v. *Charleston City Ry. Co.*, 19 So. Car., 521. As to other instances of the admission of the opinions of non-expert witnesses (or, more properly, their conclusions from facts), in similar cases, see *Salter* v. *Utica &c. R. R. Co.*, 59 N. York, 631; *Commonwealth* v. *Sturtivant*, 117 Mass., 122; *Sydleman* v. *Beckwith*, 43 Conn., 9.

2. The question put to Mr. Waterbury, as to whether a change had not been made in the system of rules subsequent to the collision, was improperly admitted.—(1) Evidence of what was done after an accident, for the purpose of showing negligence on the part of the defendants, should have been rejected on the recent authority of *Nalley* v. *Hartford Carpet Co.*, 51 Conn., 524. See also *Ely* v. *St. Louis &c. R. R. Co.*, 77 Misso., 34; *Hudson* v. *Chicago &c. R. R. Co.*, 59 Iowa, 581; Patterson on Railway Accident Law, 422. —(2) The question, even if for other reasons admissible, is outside the limits of proper cross-examination. The direct evidence was as to the reasonableness and sufficiency of the rules in evidence. The question asked on the cross-examination was as to a matter of fact; not whether it would not have been better to have the foreman report personally

at the switch-house, but whether a change had not been made in the method of reporting since the accident. If evidence of this kind could be introduced in this way the sound doctrine of the Nalley case would be undermined, and no defendant could with safety adopt any alteration of system or appliance after the happening of an accident. There is here no evidence that this system of personal reporting is a better or safer one than that previously adopted, yet the court clearly attached great importance to this testimony, as establishing negligence on the part of the defendants.

*J. P. Pigott* and *W. S. Pardee*, for the appellee.

1. The court committed no error in excluding the question put to the track repairer as to whether Quinn had time to jump off the hand car. As the court finds, before this question was asked the witness had " stated at length and in detail all the facts relating to the matter." And if the court believed the witness there could be no question but that he had time to jump. But having all the facts the opinion of the witness added nothing to his testimony. His opinion was only admissible to show the fact whether or not Quinn had time to jump; but having stated all the facts at length and in detail, the court would necessarily draw its own conclusion from them. Besides, the witness was not telling the truth, and the court knew he was not, and his opinion would not have had the slightest effect on the court. And under the circumstances it was asking the witness whether in his opinion Quinn was not negligent in not jumping. This is not a matter for a witness to give his conclusion upon, but for the court to decide. The rule as to the admissibility of non-experts' opinions is thus stated in *Sydleman* v. *Beckwith*, 43 Conn., 12 :—" These exceptions to the general rule are allowed on the ground of necessity, where the subject of inquiry is so indefinite and general as not to be susceptible of direct proof, or where the facts on which the witness bases his opinion are so numerous or so evanescent that they cannot be held in the memory and de-

tailed to the jury precisely as they appeared to the witness at the time." In this case the witness had stated at length and in detail the facts. See also *Keller* v. *N. York Central R. R. Co.*, 2 Abbott's App. Dec., 480 ; *Buxton* v. *Somerset Potters Works*, 121 Mass., 446.

2. The defendant introduced the superintendent of the Air Line division to show that the company's rules were sufficient, and he testified that "no better or safer system could exist than that embodied in the rules of the company in force at the time of the collision." He was asked in cross-examination whether he had not ordered the foreman of the gang personally to report to the switchhouse ; and he said he had. The defendant claims that this infringes the rule in *Nalley* v. *Hartford Carpet Co.*, 51 Conn., 524. But this was cross-examination, and was admitted solely on that ground, as the court finds. The plaintiff did not introduce the evidence of the new order for the purpose of showing that the old rules were insufficient, but when the defendant had put on an expert to prove that the rules were sufficient, and when this expert, being the man who had authority to change the rules and in whose name the rules were issued, testified that "no better rules could exist," it became very pertinent to the value of his evidence to show that he himself had changed those perfect rules. It can hardly be presumed that he deliberately changed them for the worse, and the fact that he changed them at all shows that when serving the road as a superintendent he honestly believed that they needed changing, whatever might be his opinion as their witness. The fact that a division superintendent testifies that after an accident he changed the rules, certainly seems to throw some light on the value of his opinion that at the time of the accident the rules were "the best that could exist." If a man should testify that in his opinion a bridge was in perfect repair at the time of an accident, and then testify that he repaired it after the accident ; or if a physician should testify that, in his opinion, the course of treatment for a man was the best that could be adopted, and should then testify that when he was called into the case he

changed the treatment; in either illustration the second statement would materially affect the weight of the first. In *Nalley* v. *Hartford Carpet Co.* the evidence was expressly admitted to show prior negligence, while here it is expressly found that it was admitted to affect expert opinion. And in that case it appeared the evidence was used for the inadmissible purpose, but here the court confined its use in its ruling to cross-examination. Compare the case of *Darrigan* v. *N. York & N. England R. R. Co.*, 52 Conn., 285, and particularly the remarks of the court, on page 310. The evidence there held admissible was very similar to this. There the superintendent had testified that the rules were as good as could be devised, and he was asked if the rules had not been changed the day before the accident, and the evidence was admitted.

LOOMIS, J. This is a suit to recover damages for causing the death of Michael Quinn, a track repairer in the employ of the defendants on the Air Line Railroad. The court found that the death of Quinn was caused by the neglect of the defendant to provide a reasonable system of rules and regulations, and the execution of the same, relative to giving notice to its employees of the running of extra trains. It was also found that there was no contributory negligence on the part of the deceased, nor of any co-employee, unless it arises as matter of law on the facts.

At the time of the injury the deceased and three other track repairers were in a hand-car going to their work when an extra train suddenly appeared coming towards them. All the men on the hand-car except the defendant jumped off before the collision and were saved, but the defendant remained and was killed in the collision.

One prominent ground of contention on the trial was whether the deceased was guilty of contributory negligence. Upon this issue the defendant introduced Timothy Hayes, another of the gang of track repairers, who was on the hand-car, who testified that he saw the engine about nine hundred feet away; that he called out to have brakes on the hand-

car; that the car stopped and that all got off except the deceased. The witness stated at length and in detail all the facts relating to the matter in controversy, and was finally asked upon direct examination—"Was there, or was there not, time for Quinn to jump off?" and again, "State whether or not there was time for Quinn to jump off between the time when the order to brake was given and the time of collision." The defendant claimed these questions to show negligence on the part of the deceased.

The court states its ruling as follows :—"If the testimony of the witness was true, it was manifest that the deceased had ample time to get off the car before the collision, and there was no occasion for the opinion of the witness. The court thereupon excluded the questions for the reason aforesaid, and also upon the ground that the questions called substantially for the opinion of the witness as to the negligence of the deceased."

We cannot accept either the ruling or the reasons given as sound. The fact that Quinn had time to get off the car was material, if not absolutely controlling, upon the question of contributory negligence. The court, directly in the face of the proposed evidence, found that he " was unable to jump off the car in season to save himself," and thereupon negatived the existence of any contributory negligence as matter of fact.

The court gives two reasons for excluding the evidence. The first justifies the exclusion upon the assumption that the witness's evidence as far as received was true ; the implied argument being that, if true, it proved beyond a doubt the fact which the excluded evidence was designed to prove, and hence no harm was done if the ruling was erroneous. It is however obvious that the reason as given was not operative. The court did not in reality assume or find the statements true, for in repudiating a conclusion stated as the manifest one upon the assumption referred to, the court in effect repudiated the evidence already given and found it untrue.

The controlling reason therefore was not expressed, but

was an implied alternative, that is, the evidence as given was not true and therefore any further evidence would not be believed, and hence again no harm was done. The counsel for the plaintiff, both in their brief and in argument, state the point in these words :—" The witness was not telling the truth, and the court knew he was not, and his opinion would not have had the slightest effect on the court."

It seems to us that this reasoning is not only illegitimate but unsafe and pernicious in its consequences. We may perhaps test the principle by applying it to the trial of the cause itself. How can a case be properly decided until it has been heard ? And how can it be heard, where matters of fact are in issue, without a hearing of the witnesses ? A partial trial is no trial; it is not having " a day in court." The whole case may depend on one witness, and such for aught we know was the case here. It will not do therefore to stop a witness while he is about to give important and relevant testimony, merely because the trial judge had imbibed an unfavorable opinion as to his truthfulness. Such early impressions with the very best of judges cannot always be avoided, but we think the experience of triers generally will confirm the statement that such impressions are often dissipated after further patient hearing.

This brings us to the second reason, which is the important one—Was the evidence admissible ?

No claim is made that it was irrelevant to the issue, but the objection involved in this reason is two-fold :—1st, whether the circumstances would allow the witness to give his opinion at all ; and 2d, whether, if given, it would have amounted to an opinion as to the negligence of the deceased, which the court and not the witness was to decide.

Assuming that the answer involved an opinion, it was yet clearly admissible, for the time required for such sudden movements as are referred to, it would be impossible to estimate in minutes or seconds with any approximation to accuracy ; but every observer familiar with the running of trains and hand-cars, as this witness was, would carry in his mind, though unconsciously, the measure of time required

for jumping from the car as compared with the time it took the train, after it was discovered, to reach the place of collision. We doubt whether in strictness such evidence should be considered matter of opinion. It would seem to be rather matter of fact to be determined by judgment or estimate. If the mental process be analyzed it would seem to involve just as much a matter of opinion, had the question been how long it would have taken to jump from the hand-car, and how long it took for the train after its discovery to reach the place of the accident.

The remaining ground of objection is, that the question called substantially for the opinion of the witness as to the negligence of the deceased.

This objection is not well taken, for the question does not call for such an opinion. It calls simply for a fact which constitutes only one element of the question of negligence, although confessedly a very important one ; but other facts must be considered in connection, namely, whether the deceased could see and hear as quickly as others, and whether or not he was lame ; also his position in the car might have been such that he could not jump as soon as others, or, on the contrary, it might have been the best position for the purpose. But if it had been, as the court assumed, the one controlling element in the question of negligence, even then the question would have been proper, for where the point is a proper subject of opinion, and the question is properly framed, it is admissible, though it may be decisive of the question to be decided by the court or jury. *Transportation Line* v. *Hope*, 95 U. S. R., 297 ; *Delaware &c. Steam Towboat Co.* v. *Starrs*, 69 Penn. St., 36; *Walsh* v. *Washington Ins. Co.*, 32 N. York, 443 ; *Moore* v. *Westervelt*, 9 Bosworth, 558 ; *Jameson* v. *Drinkald*, 12 Moore, 157.

Another question of evidence, of minor importance, was raised on the trial. The defendant called one Waterbury, the superintendent of its road, " to prove that the rules and regulations in question were reasonable, sufficient and the best that could be framed to meet the exigencies of the case ; " and he stated in substance that such was his opin-

ion.    Upon his cross-examination he was asked—" Does the foreman of the track section gang now have to report personally to the switch-house to see if there are any trains out ? "    This question, against the objection of the defendant, was admitted by the court simply as cross-examination to affect the value of his opinion as expressed in the direct examination.    The witness answered—" I might have said something of the kind to the section boss, and I believe he did give such an order after the accident."    As the evidence was not received to show negligence, but was restricted by the court to the single purpose of showing that, as the act of the witness was inconsistent with his expressed opinion, it tended to impair its value, we do not think it conflicts with the principle adopted in *Nalley* v. *Hartford Carpet Co.*, 51 Conn., 524.

Of course, if the new rule or order was not the act of the witness, but of the railroad company, it could not affect him with the inconsistency, but no such point was suggested, and the witness spoke of the order as one which he gave.    As the question is presented on the finding we cannot say there was error.

The other questions in the case, which are very numerous, call upon this court to review the rulings of the court below relative to the negligence of the defendant, and its duties and obligations to its employees under the facts and circumstances detailed in the finding.    As there must be a new trial, which will result in a new finding of facts, we do not deem it necessary to discuss or decide the other questions presented in the record.

There was error in the ruling complained of and a new trial is ordered.

In this opinion the other judges concurred.