Redepenning, Respondent, vs. Town of Rock, Appellant.

*September 11—September 29, 1908.*

*Highways: Defects: Injury to traveler: Notice of injury: Sufficiency: Evidence: Immaterial errors: Cross-examination: Instructions to jury: Special verdict.*

1. The notice of an injury caused by a defect in a highway described the place as about sixty rods north of a town line. There was evidence that the distance was about sixty-three rods, and evidence that it was about fifty-five rods. *Held,* that this warranted the jury in finding that the notice was substantially correct in that particular.

2. Description of the insufficiency of the highway as consisting of "a large number of deep rut holes and a large number of roots and stones" was sufficient, where the evidence tended to show that at the place of accident the highway was gullied or washed out across the traveled track and that there was a rut or hole in this gully and a large stone near the edge of the track near the gully.

3. Defects or inaccuracies in a notice of injury do not invalidate it, under sec. 1339, Stats. (Supp. 1906), if there was no intention to mislead and the town authorities were not in fact misled thereby but were actually informed of the place of injury and the nature of the defect complained of.

4. In an action for an injury caused by a defect in a highway the admission, over defendant's objection, of evidence as to other defects and the general bad condition of other parts of the highway was not prejudicial error where such evidence was merely cumulative, several witnesses having already testified fully on that subject without objection from defendant.

5. A supervisor of the defendant town having, in his direct examination, denied that he had any information of the defective condition of the highway, it was proper to require him to state, on cross-examination, whether he had not heard of previous accidents having occurred at the place in question.

6. Evidence that, immediately after the accident to plaintiff, his father and another person pointed out to a supervisor of the town the place of the accident and the insufficiency of the highway, was admissible as showing that the town officers were informed as to such facts and were not misled, as claimed by defendant, by inaccuracies or indefiniteness in the written notice of injury.

7. Although evidence that the road had been graded and repaired at the place of the accident soon after the accident occurred was not proper to prove that it was insufficient at the time of the accident, yet such evidence was admissible to refute defendant's claim that for a considerable time immediately preceding the accident the wet condition of the road had prevented repair thereof, and also to refute the claim that defendant was misled by defects in the notice of injury as to the place of the accident.

8. Testimony of the superintendent of highways, to the effect that he was informed where the stake of plaintiff's woodrack broke and he fell from the wagon, was admissible to rebut the evidence of the other town officers that they were ignorant of the place of injury and were therefore misled by the defective notice, and also as tending to show that the superintendent was in fact informed of the place; and it was not error to refuse to permit him to be asked, on cross-examination, if he had not heard that the stake broke at a place remote from the place where the plaintiff claimed it broke, such inquiry not tending to impeach his testimony on the direct examination.

9. An instruction to the jury to the effect that it was an undisputed fact that the stake on plaintiff's woodrack broke as his wagon struck the hole at the place of the accident is *held* justified by the evidence.

10. Where the questions submitted for special verdict were appropriate and covered the issues, a party cannot complain because they differed in form and phraseology from those requested by him.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge.    *Affirmed.*

July 30, 1903, plaintiff received personal injuries, alleged to have been caused by a defective highway in the town of *Rock,* Wood county. · Plaintiff was engaged in hauling wood over the road.    The wagon wheel ran into a rut, or hole and gully, estimated at from one to two feet deep, causing one of the stakes holding the cordwood on the rack to break and the wood to fall.    The horses became frightened, unmanageable, and ran.    Plaintiff fell off the wagon and under the wheels of the wagon, which broke and crushed his leg and caused serious personal injuries.    The notice of injury which was served upon one of the officers of the town contains the following description of the place of injury:

"On the afternoon of the 30th day of July, 1903, I was driving and riding in a two-horse wagon loaded with cordwood drawn by a span of horses at the public highway in said town which runs north between sections 32 and 33, in township twenty-four (24) north, of range two (2) east, about sixty rods north of the north line of the town of Cary, and while passing that part of the said highway, about sixty rods north of the north line of the town of Cary, in the exercise of due care, in the traveled path of said highway, the wheels of my wagon ran into a deep rut or gully."

This notice is alleged to be defective and misleading in that the place of accident, as shown by the evidence in the case, was not the same as that fixed by this notice of injury. There is evidence tending to show that the place of accident was about fifty-five rods from the town line, and some evidence that it was sixty-three rods from the line, instead of the sixty rods stated in the notice.    There was evidence in the case tending to show knowledge on the part of the supervisors of the condition of that road, that they were not in fact misled by the alleged insufficiency of the notice of injury, and that the defects in the highway had existed for a sufficiently long time before the accident to enable the town,

in the exercise of reasonable care and diligence, to have removed the defects.

The jury returned a special verdict finding that the injuries were due to the defective and insufficient condition of the highway; that the town had notice thereof a sufficient length of time before the accident to enable it, in the exercise of reasonable care and diligence, to remove it; that the defects were the proximate cause of the injuries; that plaintiff was not guilty of any want of ordinary care proximately contributing to the injuries; and that the officers of the defendant town were not in fact misled by the notice of injury as to the place of accident by any inaccuracy in describing the place of accident and the injury with sufficient particularity. The jury also fixed plaintiff's damages.

Errors are alleged on this appeal as to the reception and rejection of evidence, as to the instructions of the court and the refusal to submit proposed questions in the special verdict, as to the refusal of the court to change certain of the jury's answers in the special verdict, and as to the refusal of the court to set aside the verdict and to grant a new trial. This is an appeal from the judgment on the verdict.

*George L. Williams,* for the appellant.

For the respondent there was a brief by *B. R. Goggins* and *D. D. Conway,* and oral argument by *Mr. Conway.*

SIEBECKER, J. The appellant alleges numerous errors. We however deem it sufficient for the disposition of this case on appeal to treat only those which were discussed in argument.

It is urged that the notice of the injury is defective in that it fails to describe the place of injury and the nature of the defect in the highway with sufficient particularity. The place is located as about sixty rods north from the north line of the town of Cary. The evidence varies somewhat as to the exact distance of the place of accident from this town

line. There is evidence that the distance is about sixty-three rods, and some that it is about fifty-five rods. The point located by the notice is between these extremes. This would warrant the jury in concluding that the notice gave the distance as substantially correct.

It is also asserted that the insufficiency is so indefinitely described that the town officers could not ascertain therefrom what defect plaintiff relied on as having caused the injury. The insufficiency is described as consisting of "a large number of deep rut holes and a large number of roots and stones." There is evidence tending to show that the highway at the place of accident was gullied or washed out across the traveled track, that there was a rut or hole in this "gully," and that there was a large stone near the edge of the traveled track, near this gully and the rut or hole. These conditions are of the kind described in the notice, and described the nature of the insufficiency complained of with sufficient particularity. But if the notice were actually defective as alleged by appellant, yet no cause for complaint exists upon this ground, because the jury found that the officers of the town were not in fact misled by any inaccuracy in this notice. The evidence is sufficient to warrant the jury's conclusion that the officers were actually informed of the place of injury and the nature of the defect complained of immediately after the accident happened, and that they were not actually misled in these respects. This, under the statute, relieves plaintiff from the consequence of any insufficiency in the notice in the respects claimed, if the plaintiff did not thereby intend to mislead the town. An examination of the facts and circumstances disclosed clearly shows that plaintiff had no intention to mislead the town in the giving of the notice. It is apparent that his disability from the accident prevented him from personally inspecting the place of the accident, and that those who represented him did on the day of the accident correctly point out and locate the place and insuffi-

ciency to a supervisor of the town, and that the plaintiff did nothing indicating an intent to mislead the town officers in these matters.

It is contended that the evidence of other defects and the general bad condition of other parts of the highway was received over defendant's objection, and that this operated to the prejudice of the defendant. We find that the witness E. C. Redepenning and others were permitted to testify to other insufficiencies in this highway at points some rods distant from the place of accident. If this testimony were the only items of evidence on this subject, then it would properly present the question whether it was competent as evidence of constructive notice to the town; but the record shows that, before any objection was interposed by the defendant to this class of evidence, plaintiff's witnesses Meyer, Fritz, and Roesing on direct examination without objection, and on cross-examination by the defendant, had testified fully on this subject, giving a full description of the general condition and the defects in the highway in the vicinity of the place where the accident happened. We find no request by defendant to have this evidence stricken from the record. Under this state of the case we cannot perceive how defendant was injured by the reception of the evidence objected to and in having it submitted to the jury with other like evidence in the case received without objection. Defendant, having acquiesced in permitting a considerable amount of such evidence to be received in the case, could not be injured by other items of the same kind of evidence, for it is apparent that this additional evidence on the same subject was simply cumulative and could not operate to his injury. Therefore its reception was not prejudicial error.

It is urged that the witness Kennedy, one of the supervisors of the town, was improperly required to state on cross-examination whether he had not heard of other accidents having occurred at this place in the highway before this one.

The witness had on direct examination for defendant denied having any information of the defective condition of the highway. This cross-examination was to the point that he had notice of prior accidents and thus learned that the road was insufficient. The question of notice was at issue, and this evidence was proper as tending to show that the witness, a town officer, had such notice.

Another exception urged relates to evidence of statements by plaintiff's father and another to a supervisor, immediately after the accident, to the effect that they pointed out to him the place and the insufficiency in the highway. Since the defendant claimed that the town was misled by inaccuracies in the notice as to the actual place of accident and its indefiniteness in describing the defect, this evidence was pertinent as tending to show that the officers were informed of the place and the insufficiency in the road, and hence were not misled by the notice as claimed by the defendant.

It is contended that the reception of evidence of the fact that the road was graded and repaired soon after the accident was prejudicial. This evidence was not proper to prove that the highway was insufficient at the time of the accident; but the defendant attempted to establish by evidence that for a considerable period immediately preceding the time of the accident the highway could not be worked and repaired on account of its wet condition, and offered evidence tending to show that the wet condition of the road prevented repair of it to improve its condition for travel. The evidence of immediate repair after the accident tended to refute this claim of the defendant and was therefore properly submitted to the jury. It also appeared that this repair was made at the place of accident, and therefore was evidence to refute defendant's claim that the town was in fact misled in discovering the insufficiency complained of by defects in the notice.

A further contention is made that the admission of the evidence of the superintendent of roads, to the effect that he

was informed where the stake of the woodrack broke and where plaintiff fell off the wagon, was prejudicial. This testimony tended to rebut the evidence of defendant's other officers that the town officers were ignorant of the place of injury and were therefore misled by the defective notice, and also tended to show that the superintendent was in fact informed of the place where the plaintiff claimed the accident happened. Nor do we perceive any error in not permitting defendant on cross-examination to ask this witness if he had not heard that this stake broke at a place remote from the place where plaintiff claimed it broke. This inquiry in no way tended to impeach or modify his evidence given on direct examination, nor would it elicit anything that was proper and relevant to the defense.

Defendant requested that certain questions covering the issues of notice to the town and contributory negligence be submitted. This was practically complied with by inserting in the verdict appropriate questions covering these issues, though they differed in form and phraseology from those requested.

The court instructed the jury:

"It is also an undisputed fact that one stake of plaintiff's rack, on or within which his wood was loaded at the time of accident, and used to hold his load of wood in place, broke as plaintiff's wagon struck the hole at the place of the accident."

This instruction is assailed upon the ground that it wrongfully assumes that it is undisputed by the evidence that the stake broke at the place where the plaintiff claims the accident happened and that the alleged defect caused it to break. There is no dispute in the case that if the stake broke at the place of accident it was caused by the wagon's wheel suddenly dropping into the hole in the road. It is, however, argued that there is evidence tending to show that some wood had fallen from the wagon at points remote from the place alleged to be the place of accident, and that this indicated

that the stake might have broken before the accident oc-
curred.   There is nothing to show that this wood came from
plaintiff's load, nor is it such evidence as naturally tended to
show that the stake was broken before plaintiff reached the
place of accident.   On the other hand, plaintiff explicitly
testifies that the stake was not broken before he reached the
place of accident and that nothing had occurred theretofore
to break it.   It also appears that the stake was found under
the pile of wood at the place where the jury found the acci-
dent happened.   These positive facts, together with the cir-
cumstances of the case, leave room for but one inference,
namely, that the stake was broken at the place where the jury
found the accident happened.   This justified the court in
assuming that the stake broke when plaintiff struck the hole
at the place of accident.

We find that the instructions given in connection with
question 7· of the special verdict are a correct statement of
the rules of law applicable to this issue, and that they do not
assume any fact to the prejudice of appellant.

We find no prejudicial error in the record.

*By the Court.*—Judgment affirmed.