# CASES DETERMINED

# January Term, 1911.

---

FONDER, Respondent, vs. GENERAL CONSTRUCTION COMPANY,
Appellant.

*February 22—April 5, 1911.*

*Master and servant: Negligent operation of derrick: Injury to serv-
ant: Statutory duty of master: Vice-principal: Assumption of
risk: Questions for jury: Proximate cause: Special verdict: Con-
struction: Consistency: Evidence: Changes made after accident.*

1. In an action by a servant for injuries sustained in jumping from
   a building to escape being struck by a falling derrick, the first
   question and its answer in the special verdict were: "Was the
   face derrick which was being used and operated at the time the
   plaintiff was injured not so constructed and operated as to give
   proper protection to the life and limb of the plaintiff, because
   of its being on wheels and not so fastened as to prevent its mov-
   ing on its wheels and tipping over? A. Yes." *Held*, that in
   submitting such question the court evidently endeavored to fol-
   low the statute—sec. 1636—81, Stats. (Supp. 1906: Laws of 1901,
   ch. 257, sec. 1),—and that the answer was a finding that the
   derrick was not properly placed and operated, because of being
   on wheels, etc.
2. If there was any vagueness or ambiguity in such question, its
   meaning was made plain by the charge, which directed the jury
   to answer "Yes" if they found the derrick was *not* properly
   placed and operated by reason of the facts recited therein.
3. Such question was not objectionable as covering more than one
   controverted issue, since the word "constructed," as used
   therein, manifestly refers to the *placing* of the derrick, not to
   its physical construction.

VOL. 146 — 1

4. The answer to such first question is not inconsistent with a find-ing, by answer to the fifth question, that the derrick was *con-structed* (clearly referring to its physical construction) in the way such derricks are usually constructed for work of the kind then being done, by persons of ordinary care and experience in like business; and both are consistent with a further finding, by answer to the sixth question, that such derrick was not *placed and operated* in the manner usually employed, under like circumstances, by persons of ordinary care and experience in like business.

5. Whether or not, under said sec. 1636—81, the defendant was charged with a greater duty than the exercise of ordinary care, need not be decided in this case, since a want of ordinary care was found by the answer to the sixth question.

6. The duty of the master under said statute, as to the appliances therein mentioned, is not delegable, but whoever performs it is a vice-principal for whose default he is liable.

7. Upon the evidence in this case it cannot be said as matter of law that plaintiff was charged with knowledge of the danger arising from the fact that the derrick in use was on wheels and not so blocked or otherwise fastened as to prevent it from moving from its position while being operated.

8. A finding that the defects mentioned in the first question were a proximate cause of plaintiff's injury is not inconsistent with a finding that a want of ordinary care in fastening the timber which was being lifted into place when the derrick tipped over was also a proximate cause of the injury, as the slipping of the rope on the timber would not have caused the injury had the derrick not tipped over.

9. Evidence that after plaintiff's injury a change was made, so that instead of standing close to the derrick the men operating the cranks in doing the hoisting occupied a position some sixty feet away, was admissible, not for the purpose of showing negli-gence on the part of the defendant, but to show that it was prac-ticable to so place the men that they would be out of danger.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover for personal injuries alleged to have been sustained through the negligence of the defendant. The de-fendant at the time of the injury was constructing a court-house in the city of Green Bay. The walls had been carried up about twelve feet, and upon them a stiff-leg derrick was

being constructed. The derrick when completed was to consist of two foundation pieces about ten inches square, called sleepers, fastened together at one end and spreading out at the other end in a V shape from the point of fastening. From the point of fastening, a timber twelve to fourteen inches square was placed in a perpendicular position at right angles to the sleepers and known as the mast, and from the top of this mast two timbers known as stiff legs, and about the same size as the mast, extended to the ends of the sleepers to hold the mast in position. At the time of the injury the sleepers and mast were in position and one of the stiff legs was being lifted by a face derrick resting upon a platform of planks, which planks rested upon the sleepers and the wall. The face derrick was a small movable derrick and consisted of a foundation piece, or sill, made of a single piece of timber five inches square and eight feet long, in which were set two small wheels turning the long way of the sill and extending two inches below the bottom of the sill, for the purpose of moving the derrick. From the top of the sill and at a point nearly above each wheel two side pieces about five inches square extended up to a point where they were fastened to a cross piece, the upper ends being about three feet apart and the lower ends farther apart at the sill, the top of these two side pieces being the top of the face derrick, but from this extended the mast or pole, which was a permanent part of the derrick, making it about twenty feet high. There was a pulley near the top of the derrick, and a spool or drum was fastened to the side pieces some three feet from the ground, with cranks or handles at either end for turning it, which when turned by the men wound the rope around the drum and lifted the object desired to be elevated.

The plaintiff at the time of the injury was engaged in turning one of the cranks in lifting the stiff leg, the rope having been wound several times around the stiff leg near the middle of it and tied in a knot. The derrick was held in nearly a perpendicular position, leaning a little toward the

load it was lifting and held by guy lines. Just as the stiff leg had been lifted to the desired point and was hanging at an angle of about forty-five degrees and in position to place the eyelet or "gooseneck" in the casting at its upper end down over the shank or pin in the top of the mast, and the lower end about to enter its place in the sleeper, the derrick moved and tipped over, and plaintiff, in fear of being struck by the falling derrick and attachments, jumped to the ground and was injured.

The negligence alleged in the complaint is that the derrick "was defectively constructed and unsafe, unsuitable, and improper, in that it stood on wheels which made it unstable; that it was not so constructed, placed, and operated as to give proper protection to the life and limb of plaintiff, because it was in no way fastened to such platform or anything else so as to prevent its base from running on its wheels from the place it stood and causing such derrick to fall; that while said plaintiff was so operating such derrick and hoisting said timber above his head the said derrick, because of its defective, unsafe, unsuitable, and improper construction, and being so improperly constructed, placed, and operated, commenced to fall, together with such timber, towards and upon plaintiff; that said plaintiff had no other way of escape but by jumping off said platform to the ground below, which he did in time to escape being struck."

The answer denies generally the allegations of the complaint and avers that the negligence, if any, was that of fellow-servants of plaintiff, and that plaintiff assumed the risk and was guilty of contributory negligence. Motions for nonsuit and directed verdict for defendant were made and denied; and the following verdict was returned by the jury:

"(1) Was the face derrick which was being used and operated at the time the plaintiff was injured not so constructed and operated as to give proper protection to the life and limb of the plaintiff, because of its being on wheels and not so fastened as to prevent its moving on its wheels and tipping over? A. Yes.

"(2) If you answer the first question 'Yes,' then answer this: Was the use of said derrick in that condition a proximate cause of the plaintiff's injury? *A.* Yes.

"(3) Did the plaintiff, at the time he was working at the derrick, know and comprehend the danger from using said derrick in the condition in which it was then? *A.* No.

"(4) If your answer to the third question should be 'No,' then answer this: Ought the plaintiff, in the exercise of ordinary care, to have discovered and appreciated such danger before the accident? *A.* No.

"(5) Was the face derrick used at the time of the accident constructed in the way such derricks are usually constructed for work of the kind then being done, by persons of ordinary care and experience in like business? *A.* Yes.

"(6) Was the face derrick used at the time of the accident placed and operated in the manner usually employed, under like circumstances, by persons of ordinary care and experience in like business? *A.* No.

"(7) Were there blocks under the face derrick at the time of the accident? *A.* No.

"(8) Was there any want of ordinary care in the manner in which the rope was fastened to the stiff leg? *A.* Yes.

"(9) If your answer to the eighth question should be 'Yes,' then answer this: Was such want of ordinary care a proximate cause of the plaintiff's injury? *A.* Yes.

"(10) Ought a man of ordinary intelligence and prudence, in McCarthy's position, to have reasonably anticipated that there was danger of the face derrick on which the plaintiff was working tipping over, so as to injure those working about it? *A.* Yes.

"(11) What amount of money will compensate the plaintiff for his injury? *A.* $2,150.

"(12) Did any want of ordinary care on the part of the plaintiff contribute proximately to the injury? *A.* No."

Plaintiff moved for judgment on the verdict, and the defendant made the usual motions for judgment notwithstanding the verdict, to change the answers in the special verdict, for judgment on the verdict as so changed, and for a new trial, which motions were denied and judgment entered in favor of the plaintiff on the verdict, from which this appeal was taken.

For the appellant there was a brief by *Sheridan & Evans,* and oral argument by *W. L. Evans.* They cited, among other authorities, *Strehlau v. John Schroeder L. Co.* 142 Wis. 215; *Walters v. George A. Fuller Co.* 74 App. Div. 388, 77 N. Y. Supp. 681; *Clark v. Riter-Conley Co.* 39 App. Div. 598, 57 N. Y. Supp. 755; *Watson v. N. Y. C. Co.* 127 App. Div. 134, 111 N. Y. Supp. 277; *Pettersen v. Rahtjen's Am. C. Co.* 127 App. Div. 32, 111 N. Y. Supp. 329; *McQueen v. D., L. & W. R. Co.* 102 App. Div. 195, 92 N. Y. Supp. 585; *Covit v. Tucker E. C. Co.* 137 App. Div. 923, 120 N. Y. Supp. 870; *Buckley v. Beinhauer,* 136 App. Div. 540, 121 N. Y. Supp. 180; *West v. Bayfield M. Co.* 144 Wis. 106, 128 N. W. 992; *Wiskie v. Montello G. Co.* 111 Wis. 443; *Hamann v. Milwaukee B. Co.* 127 Wis. 550; *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, 349; *Hoveland v. Nat. B. Works,* 134 Wis. 342, 348; *Dougherty v. Milliken,* 163 N. Y. 527, 57 N. E. 757; *Vogel v. American B. Co.* 180 N. Y. 373, 70 L. R. A. 725.

For the respondent there was a brief by *Kaflan & Reynolds,* attorneys, and *P. H. Martin,* of counsel, and oral argument by *Mr. Martin.*

KERWIN, J.   By the first, second, third, fourth, eleventh, and twelfth findings in the special verdict the jury found in substance that the face derrick in question was not placed and operated so as to give proper protection to the life and limb of plaintiff, because of its being on wheels and not so fastened as to prevent its moving on its wheels and tipping over, and that such was the proximate cause of his injury; that plaintiff did not know nor comprehend the danger from using the derrick in the condition it was in, and that he ought not, in the exercise of ordinary care, to have discovered and appreciated such danger; that he was not guilty of contributory negligence; and that he sustained $2,150 damages.

These findings, if consistent with other answers to ques-

tions in the special verdict and supported by the evidence, we think are sufficient to support the judgment. It is contended, however, by counsel for appellant that the answer to the first question of the special verdict is a finding of proper construction and operation of the face derrick, relieving the defendant from negligence, and, if not such finding, the question is so vague, obscure, and misleading that its answer is not sufficient to support a judgment. It is further insisted that the first question is faulty in that it covers more than one issue and that its answer is inconsistent with the answers to the fifth and sixth questions, and that if the answer to the first question is a finding of improper construction and operation it is not supported by the evidence.

It is plain from the form of the first question that the court endeavored to follow the statute, sec. 1636—81, Stats. (Supp. 1906: Laws of 1901, ch. 257, sec. 1), in submitting it to the jury. And we think the answer is a finding that the face derrick was not properly placed and operated because of being on wheels and not so fastened as to prevent its moving and tipping over. If there was any vagueness or ambiguity in the question its meaning was made plain in the charge and the jury could not have misunderstood it.

It is further insisted that the first question, in asking as to construction and operation of the face derrick, covers more than one controverted issue, and, besides, that the answer to this question is inconsistent with the answers to the fifth and sixth questions. The first question, when viewed in the light of the statute (sec. 1636—81) and the charge, was not objectionable as covering more than one controverted issue. The word "constructed" in this question manifestly refers to the placing of the derrick, not to the physical construction of the derrick itself. This seems clear from a reading of the whole question. The question asks, "Was" the derrick "not so constructed and operated as to give proper protection to the life and limb of the plaintiff, *because of its being on wheels*

*and not so fastened as to prevent its moving on its wheels and tipping over?"* Nor can the first question be said to be inconsistent with the fifth question, which latter question clearly relates to the physical construction of the derrick itself, regardless of the placing or operation of it; and the sixth question is perfectly consistent with the first and fifth questions, since it finds that the derrick was not placed and operated in the manner usually employed by persons of ordinary care and experience in like business.

The argument of counsel for appellant is that the only duty with which the defendant was charged was to exercise ordinary care, and that the defendant is not charged with the negligence of a fellow-servant. The statute provides:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances, which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged. . . ." Sec. 1636—81, Stats. (Laws of 1901, ch. 257, sec. 1).

Counsel for appellant contend that the validity of the answer to the first question of the special verdict depends upon the answers to the fifth and sixth questions, because they say that the defendant is not charged with the duty of exercising any greater degree of care than that exercised by men of ordinary care and experience under similar circumstances. And upon this ground it is argued that the answer to the first question is inconsistent with the answer to the fifth question. Whether the defendant was chargeable with the exercise of more than ordinary care we need not and do not decide in this case, because under the findings of the jury it is unnecessary to do so. The jury found that the statute was violated, that such violation was the proximate cause of the plaintiff's in-

jury, that the plaintiff did not assume the risk, and was not guilty of contributory negligence. No errors are claimed in the charge on these questions. Question No. 1 has reference to the placing or operation of the derrick, and question No. 5 covers only original construction, and both may stand together. If in answer to question No. 6 the jury had found that the placing and operating was with ordinary care, then it would have been necessary to decide whether ordinary care satisfies the statute, but the jury negatived ordinary care in the placing and operation of the derrick. The answers to questions 8 and 9 also negative ordinary care. So, whether the duty be absolute or simply to exercise ordinary care is immaterial; on either basis the verdict is for the plaintiff and sustains the judgment. The duty of the master under this statute to construct and place the derrick was nondelegable, and whoever performs this duty for the master is a vice-principal and not a fellow-servant with other servants in the employ of the master. *Quackenbush v. Wis. & M. R. Co.* 62 Wis. 411, 22 N. W. 519; *Herrell v. C., M. & St. P. R. Co.* 114 Wis. 605, 90 N. W. 1071; *Sharon v. Winnebago F. Mfg. Co.* 141 Wis. 185, 124 N. W. 299; *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 359, 85 N. W. 1036; *Van de Bogart v. Marinette & M. P. Co.* 132 Wis. 367, 112 N. W. 443; *Hoffman v. Rib Lake L. Co.* 136 Wis. 388, 117 N. W. 789; *Miller v. Kimberly & C. Co.* 137 Wis. 138, 118 N. W. 536; *Union P. R. Co. v. McDonald,* 152 U. S. 262, 14 Sup. Ct. 619; *Davidson v. Flour City O. I. Works,* 107 Minn. 17, 119 N. W. 483; *Sommer v. Carbon Hill C. Co.* 89 Fed. 54; *Johnson v. Far West L. Co.* 47 Wash. 492, 92 Pac. 274; *Espenlaub v. Ellis,* 34 Ind. App. 163, 72 N. E. 527; *Beresford v. American C. Co.* 124 Iowa, 34, 98 N. W. 902; *Walters v. George A. Fuller Co.* 74 App. Div. 388, 77 N. Y. Supp. 684.

It is also contended that if the first question is a finding

that the face derrick was so placed and operated as not to give proper protection, because of its being on wheels and not so fastened as to prevent its moving and tipping over, it is not supported by the evidence. We shall not discuss the evidence upon this point at any length. After a careful examination of the record we find sufficient evidence to support the finding. The evidence is ample to support a finding that the derrick fell because of improper placing.

The burden of the argument of counsel for appellant upon this proposition is (1) that the derrick was properly constructed, and (2) that the falling was caused by the negligence of a fellow-servant, if any negligence there was, for which the defendant is not liable. As before observed, no claim is made by plaintiff that the physical construction of the face derrick itself was not proper. But there is evidence sufficient to support the verdict that it was not securely placed and fastened so as to prevent it from falling. The point that the falling was caused by the negligence of a fellow-servant in not properly placing it cannot avail the defendant, as we have seen. The plaintiff was ordered to work at the point of danger by the defendant's foreman, who had full charge of the work, and the jury found upon sufficient evidence that the plaintiff was not guilty of contributory negligence. It is insisted that the answers of the jury to the third and sixth questions are not supported by the evidence.

Respecting the third question it does not appear from the evidence that it can be said as matter of law, from his experience and knowledge of the operation of such derricks, that plaintiff should be charged with knowledge of the danger. The facts found by the seventh and eighth findings as to proximate cause, in addition to the proximate cause found by the first and second questions of the special verdict, do not affect the judgment. The first and second findings of the jury, being supported by the evidence, cannot be said to be inconsistent with the facts found by the seventh and eighth

Fonder v. General Construction Co. 146 Wis. 1.

questions. It seems obvious that had the derrick been properly placed so that it could not have fallen over, the slipping of the rope upon the stiff leg would not have caused the injury, and this fact, we think, the verdict establishes.

Error is assigned in the admission of evidence. Evidence was admitted, under defendant's objection, to the effect that after the injury the men operating the cranks attached to the drum on the face derrick were removed from the position formerly occupied at such work and placed some sixty feet away outside of the building and the rope led from the face derrick to a crank set up sixty feet from the derrick. We find no prejudicial error in the admission of this evidence. One of the claims of the plaintiff was that in the operation of the derrick the men were required to stand in a dangerous position, and the evidence was offered and received to show that it was practicable to have the men operating the power stand out of danger as they did after the injury, and the evidence was offered, not for the purpose of showing negligence on the part of defendant, but to show it was practicable to so place the men furnishing the power that they would be out of danger. For this purpose the evidence was properly admitted. *Grundy v. Janesville,* 84 Wis. 574, 54 N. W. 1085; *Lind v. Uniform S. & P. Co.* 140 Wis. 183, 120 N. W. 839; *Norris v. Atlas S. S. Co.* 37 Fed. 426; *Laporte C. Co. v. Sullender,* 165 Ind. 290, 75 N. E. 277; *Redepenning v. Rock,* 136 Wis. 372, 117 N. W. 805; *Willey v. Boston E. L. Co.* 168 Mass. 40, 46 N. E. 395; *Quinn v. N. Y., N. H. & H. R. Co.* 56 Conn. 44, 12 Atl. 97; *Kuhns v. Wis., I. & N. R. Co.* 76 Iowa, 67, 40 N. W. 92.

We are convinced that the first, second, third, fourth, eleventh, and twelfth findings are sustained by the evidence and support the judgment. We find no reversible error in the record.

*By the Court.*—Judgment is affirmed.

SIEBECKER, J., took no part.