NORRIS v. ATLAS STEAM-SHIP CO.

(*Circuit Court, S. D. New York.* February 2, 1889.)

1. NEGLIGENCE—EVIDENCE.
    In an action for injuries alleged to have been received from the falling of a maintopmast-stay on defendant's vessel, causing plaintiff's hand to be caught in an exposed winch, evidence that immediately after the injury the defendant caused the stay to be replaced and a guard to be put up at the winch, is admissible to show the actual condition of the stay and winch at the time of the injury.

2. LIMITATION OF ACTIONS—FOREIGN CORPORATIONS—ABSENCE OF DESIGNATED AGENT.
    Code Civil Proc. N. Y. § 432, provides that personal service of a summons upon a foreign corporation may be made by delivering a copy to a person designated for that purpose; that such designation must specify a place within the state as the office and residence of the person designated; and that the designation shall remain in force until the filing of a written revocation. Section 401 provides that the statute of limitations shall not run in favor of nonresidents, but that its provisions do not apply while a designation made as prescribed in section 432 remains in force. The defendant foreign corporation

designated a person upon whom process might be served, and specified his residence; but before the statute had run against the cause of action sued on such person left the state, and did not return to the place designated, and the designation was not renewed  *Held,* that the action was not barred.

At Law.  On motion for new trial.

*Hermon H. Shook,* for plaintiff.

*Everett P. Wheeler,* for defendant.

WHEELER, J.  This action was brought in December, 1887, to recover for an injury alleged to have been received on December 4, 1880, by the falling of the maintopmast-stay of one of the defendant's vessels, and causing the plaintiff's hand to be caught in an exposed winch at which he was working, in getting out of the way.  Upon the trial the defendant denied that the stay fell and caused the injury in that manner, and relied upon the statute of limitations.  The plaintiff was allowed to prove, against defendant's objection, that the defendant caused the stay to be replaced, and a guard to be put up at the winch immediately after.  The case has now been heard on a motion for a new trial, and the defendant relies upon error being found in the rulings admitting this evidence, and holding the statute not to be a bar, in support of the motion.  If this evidence had been admitted for the purpose of having negligence in not making repairs and alterations before inferred from the fact that they were made then, its admission or use for that purpose might have been erroneous.  The making of repairs and alterations, in itself, shows care rather than neglect.  But this evidence showed what was broken, and how, and what was wanting; and was admitted for, and limited to, the purpose of showing the actual condition of the stay and winch at the time of the injury.  The question of negligence was made to turn upon the state of things then, and not upon what happened afterwards.  This does not appear to have been erroneous.

The statutes of limitation appear to be in the Code of Civil Procedure. Section 383 puts among actions to be brought within three years " (5) an action to recover damages for a personal injury occasioned by negligence." The defendant is a foreign corporation, and necessarily a non-resident. *Filli* v. *Railroad Co., ante,* 65.  Section 401 provides:

"If, when the cause of action accrues against a person, he is without the state, the action may be commenced within the time limited therefor after his return into the state;  *  *  *  but this section does not apply while a designation, made as prescribed in section four hundred and thirty, or in sub-division second of section four hundred and thirty-two, of this act, remains in force."

"Sec. 432. Personal service of the summons, upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the state, as follows:  (1) To the president, treasurer, or secretary; or, if the corporation lacks either of those officers, to the officer performing corresponding functions under another name.  (2) To a person designated for the purpose by a writing, under the seal of the corporation, and the signature of its president, vice-president, or other acting head, accompanied with the written consent of the person designated, and filed in the office of the secretary of the state.  The designation must specify a place within the state as the office or

residence of the person designated; and, if it is within a city, the street and street number, if any, or other suitable designation of the particular locality. It remains in force until the filing in the same office of a written revocation thereof, or of the consent, executed in like manner; but the person designated may from time to time change the place specified as his office or residence to some other place within the state, by a writing, executed by him, and filed in like manner."

In May, 1880, defendant designated a person on whom process against it might be served, and specified his residence as being at 262 Fourth Avenue, and his office as being at 37 Wall street, in the city of New York. In 1881 he changed his residence to Thirty-Fourth street, and his office to State street; and in October, 1883, he went to Europe, and remained away until September, 1884. By the terms of section 401 the limitation operates only while the designation is in force. The object of the designation is to provide a person on whom service of process may be made. It is not accomplished by the mere making and acceptance of the designation in the manner prescribed. The service provided for is upon the person, and not at the place named, in his absence, for him, or for the defendant. The continuation of the presence of the person within the jurisdiction at least, if not in the same location, is absolutely essential to the continued operation of the designation for the purpose for which it is made, and to its continuing in force within the meaning of the statute. The provision in the statute that it remains in force until the filing of a written revocation, refers to the force derived from the act of the parties, and continues that until it is withdrawn in the manner pointed out, and not to the removal of the means by which the designation could have any effect. The designation did not continue in force at most any longer than until the person designated left for Europe in September, 1883, which was before the expiration of three years from the accruing of the cause of action, and before it was barred. The designation was not renewed; neither did he return to the place designated; the force of the designation was not in any manner restored; nor was there anything to set the limitation running again. This conclusion has been reached upon conference with and with the concurrence of Circuit Judge LACOMBE. Motion overruled, and stay vacated.