544 ARMSTRONG *v.* FORG. [162

---

. FREDERICK A. ARMSTRONG *vs.* PETER FORG.

Middlesex.    November 19, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries occasioned to Boy — Instructions as to Use of Machine — Negligence — Due Care.*

In an action for personal injuries occasioned to the plaintiff, a boy between fourteen and fifteen years of age, while in the defendant's employ by using a steam punching-machine, there was contradiction in the testimony in regard to the instructions given to the plaintiff as to the avoidance of danger in using the machine. *Held*, that, if the jury believed the plaintiff, they might well find

that there was negligence on the part of the defendant, and that it was also a question of fact for the jury whether the plaintiff, in view of his youth and inexperience, was in the exercise of due care.

Tort, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. Lowell, Jr.,* for the defendant.

*J. J. Feely,* for the plaintiff.

Knowlton, J. The plaintiff's finger was hurt in using a steam-power punching-machine. The question before us is whether there was any evidence to warrant the submission of the case to the jury. At the time of the accident the plaintiff was between fourteen and fifteen years of age. He was set at work on the machine in the afternoon and was hurt in the morning of the next day. The power was applied to the machine by placing the foot on a treadle, which would cause the press to come down with great force upon a piece of steel which was placed on a die, and which would be punched and bent into the desired shape by the operation. The treadle was so adjusted that, if the foot was placed on the treadle and immediately taken off, the press would come down once and go up and stop, but if the foot was kept on the treadle it would keep coming down and going up continuously. There was contradiction in the testimony in regard to the instructions given to the plaintiff, but if the jury believed him they were warranted in finding that he was not told, and did not know, that if he kept his foot on the treadle the press would keep coming down and going up, and that he was not told how to take the piece of steel out of the press after it was punched, but saw the person who set him at work do it with his fingers. He testified that after he had been working about two hours the piece of steel kept sticking to the punch, that he told the engineer, who came and sat down at the machine and tried it, and that afterwards, when the plaintiff was using his finger to get the piece of steel out, the press came down and caught the finger.

The jury, if they believed the plaintiff, might well find that there was negligence on the part of the defendant in not telling

him how to avoid danger in the use of the machine.   We are of
opinion that it was also a question of fact for the jury whether
the plaintiff, in view of his youth and inexperience, was in the
exercise of due care.                    *Exceptions overruled.*