OVILA LAPLANTE *vs.* WARREN COTTON MILLS.

Suffolk. January 9, 1896. — March 31, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Evidence — Law and Fact.*

Where the declaration in an action for personal injuries occasioned to the plaintiff while in the defendant's employ contains counts for defective machinery, and a count for setting the plaintiff to work in a dangerous place without sufficient instruction, upon which count only he elects to go to the jury, exceptions taken to questions about the machinery admitted under the counts which were after-

wards abandoned, and which became unimportant except as describing in a general way the plaintiff's situation, will not be sustained.

In an action for personal injuries occasioned to the plaintiff while trying to replace a belt on a pulley in the defendant's mill where he was employed, a witness is rightly allowed to testify that the ladder on which the plaintiff stood was of home manufacture, made of two pieces of wood with strips nailed across and one leg longer than the other, although the witness did not see the ladder until nearly two years after the accident, and there is no evidence that there had been no change in the ladder.

In an action for personal injuries occasioned to a boy fourteen years old, while in the defendant's employ, upon the ground that he was put to work in a dangerous place without proper instruction, evidence that the plaintiff, who was a foreigner and was examined through an interpreter, had no memory, was not a bright boy, and had to be told once or twice before he understood, and that, if he was asked a question, he would answer "something else," is admissible, although the witnesses only knew him after the accident.

An action for personal injuries occasioned to a boy fourteen years old, while trying to replace a belt on a pulley in motion and very near a beam below the ceiling in a dark room in the defendant's mill where he was employed, upon the ground that he was put to work in a dangerous place without proper instruction, is rightly submitted to the jury, if the plaintiff introduces evidence that what he was doing was incident to his employment, and the defendant's evidence is that the plaintiff had been forbidden to do what he did and had been told to call on the man who had charge of the room, or on the second hand, it being in controversy also whether the plaintiff understood English.

TORT, for personal injuries occasioned to the plaintiff, who was fourteen years old and a French Canadian, while in the defendant's employ. At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*T. W. Proctor*, for the defendant.

*J. E. Cotter*, for the plaintiff.

HOLMES, J. This is an action for personal injuries suffered by the plaintiff while trying to replace a belt on a pulley in the defendant's mill, where he was employed. The declaration contains counts for defective machinery, but when the evidence was in the plaintiff elected to go to the jury only on one count for setting him to work in a dangerous place without sufficient instruction. The case is here on exceptions.

1. Several exceptions were taken to questions about the machinery, including some comparing it with other machinery in use in the same place. Evidently these were admitted under the counts which afterwards were abandoned, and became unimportant except as describing in a general way the plaintiff's

situation.   It was not denied that the place was dangerous where the plaintiff was, and the case went to the jury on the single question whether he was put to work there without proper instruction.

2.  A witness was allowed to testify that the ladder on which the plaintiff stood was of home manufacture, made of two pieces of wood with strips nailed across, and one leg longer than the other.   He did not see the ladder until nearly two years after the accident; and it is objected that the evidence was inadmissible without testimony expressly showing that there had been no change in the ladder.   It is said that presumptions do not run backward.   But that depends on the case.   *Todd* v. *Rowley*, 8 Allen, 51.   The testimony on its face seems to describe the structural characteristics of the ladder, and not to mean that a piece had been broken from one leg.   Indeed, the language of the witness might have been understood to mean that the ladder was made with one leg longer than the other.   If so understood, it was evidence of the original form, as the question is one upon which anybody can form an intelligent opinion.   It is to be noticed that the defendant introduced no testimony on the point.

3.  Witnesses were allowed to testify that the plaintiff had no memory, that he was not a bright boy, and had to be told once or twice before he understood, and that sometimes, if you asked him a question, he would answer " something else."   These are matters upon which ordinary people are capable of forming an intelligent opinion, and which do not require an expert to answer them.   The plaintiff was examined through an interpreter, so that the evidence may have helped the jury in coming to a conclusion which his answers as translated seem to warrant, and also in explaining the character of his testimony.   We cannot say that such evidence is inadmissible.   *Connors* v. *Grilley*, 155 Mass. 575.   It does not change the case that the witnesses only knew the boy after the accident.   A boy who is dull at fifteen probably was dull at fourteen.   See *Lane* v. *Moore*, 151 Mass. 87, 91, 92.

4.  The case could not be taken from the jury.   As in *Daley* v. *American Printing Co.* 150 Mass. 77, 81, the evidence " does not enable us to understand fully what it was necessary to do in

order to adjust the belt, or how it was usually put on the pulley when it had got off," or how the accident happened. The pulley was very near a beam below the ceiling in a dark room, and was in motion. The defendant's evidence was that the plaintiff had been forbidden to do what he did, and had been told to call on the man who had charge of the room, or on the second hand, plainly on the ground that it was not safe for him to undertake it with such skill and knowledge as he possessed. We cannot say that this evidence, as applied to the kind of work the plaintiff was doing, did not warrant the conclusion that, if he had been set to do it without further instruction and was hurt, he had a cause of action. The plaintiff put in evidence corroborated by one of the defendant's witnesses on cross-examination, that what he was doing was incident to his employment. It was for the jury to say whether they would accept the plaintiff's evidence, and so much of the defendant's as implied an admission but no more. If they did take that view, which was helped by a controversy as to whether the plaintiff understood English, it disposed of any argument as to the plaintiff's conduct, or that of his father in letting him accept employment with the defendant. They both had a right to assume that he would not be set to work for which he was not fit without further instruction. We do not say that this seems to us the most reasonable conclusion from the evidence, but only that it is a possible one. Whether the defendant had reasonable cause to believe that the plaintiff needed more than ordinary instruction, and whether it had been misled in this respect by the plaintiff's father, were not matters on which the court could rule. See *Daley* v. *American Printing Co.* 150 Mass. 77 ; *Patnode* v. *Warren Cotton Mills,* 157 Mass. 283, 289 ; *Armstrong* v. *Forg,* 162 Mass. 544, 546.

*Exceptions overruled.*