[No. 9232.    Department Two.    January 23, 1911.]

JOE    MROZEVICH,    *Respondent*,    v.    WESTERN    STEEL
CORPORATION, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE — COAL MINE—
VENTILATION—WARNING—EVIDENCE—SUFFICIENCY. The evidence suf-
ficiently established that an explosion of gas in a coal mine was
caused by a defective ventilating system and defective wiring,
where it appears that the mine was never free from marsh gas,
which is highly explosive when mixed with air in certain propor-
tions, that before the accident the gas was coming in at a point
that was very damp, that the insulation of the electric wiring was
defective, whereby an arc was easily formed, a spark igniting the
gas, that the explosion occurred at this point when no one was near,
and from no other conceivable cause.

NEGLIGENCE — PLEADING AND PROOF — TRIAL. Evidence of negli-
gence not alleged in the complaint, received without objection, will
be considered on motion for a nonsuit.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. Error in the ad-
mission of evidence of another explosion in the same mine is harm-
less, where on its appearing that the witness was not present, the
evidence was stricken and the jury instructed to disregard it.

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE—COAL MINE—
CONDITIONS—EVIDENCE—ADMISSIBILITY. In an action for injuries
sustained in a mine explosion, evidence of a witness as to the con-
dition of the mine three weeks later is admissible, when the witness
was the first person to enter the mine after the explosion.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for
seven thousand dollars for injuries to a coal miner through an ex-
plosion is not excessive, where he was badly scarred and disfigured,
his suffering was great, one of his hands permanently injured, his
earning capacity was $100 per month, and will in the future be
slight at manual labor, and he is ill fitted for anything else.

Appeal from a judgment of the superior court for Pierce
county, Shackleford, J., entered July 7, 1910, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by an employee through an
explosion in a coal mine.    Affirmed.

[1]Reported in 112 Pac. 925.

*Lyter & Folsom,* for appellant.

*Govnor Teats, Hugo Metzler,* and·*Leo Teats,* for respondent.

RUDKIN, J.—This was an action to recover damages for personal injuries.  On the 6th day of December, 1908, the defendant was engaged in ·developing a coal mine at Ashford, in this state.  The entrance to the mine was through a tunnel extending into the mountain side a distance of upwards of 4,000 feet.  For the greater part of this distance the tunnel was constructed through rock, but for the last 400 feet it followed the vein of coal.  The tunnel was ten feet wide and eight feet high, constructed on an incline of about one per cent.  The mine or tunnel was ventilated by a system of fans and air boxes, and was lighted by electricity.  For the first 3,000 feet, the air box was three feet ten inches by sixteen inches in dimensions; for the next seven hundred feet, two feet ten inches by sixteen inches in dimensions; and from that point to a point within eighty feet of the face of the tunnel, the larger sized box was again used.  From this latter point smaller boxes extended to within eight or ten feet of the face of the tunnel, with a nozzel ·extending upwards to catch or admit the gas.  A fan was connected with the air box at the entrance, and a second one about 700 feet from the entrance. The wire conducting the electrical current into the mine was attached to the timbers at the side of the tunnel.  On the above date the plaintiff and three of his coemployees, at work near the face of the tunnel, were severely burned and injured by an explosion of gas, and the present action was instituted in the plaintiff's behalf to recover damages for the injuries by him received.  From a judgment in favor of the plaintiff in the sum of $7,000, this appeal is prosecuted.

The principal assignment of error is based on the contention that there was no testimony tending to show actionable negligence on the part of the appellant, and that a nonsuit should have been directed at the close of the respondent's

testimony. It appears from the record, without apparent
contradiction, that a form of gas, commonly known as marsh
gas, was continually accumulating in the mine or tunnel, and
that it came in in quantities at different places through
seams or fissures in the rocks and veins. This gas is lighter
than the air and will naturally rise to the top of the tunnel
among the timbers. When mixed with air in certain propor-
tions it is highly explosive, and the mine was never entirely
free from it. The testimony further showed that, for some
days before the accident, this gas entered the mine in consider-
able quantities at a point about 135 feet distant from the
face of the tunnel, where the men were at work; that the tun-
nel at this point was very damp or wet; that the insulation
on the wiring was there defective; that under such circum-
stances an arc could easily be formed; and that a spark from
the wire would ignite the gas and cause an explosion. It
further appeared that the explosion occurred at this point,
that it could only result from the gas coming in contact with
a flame or spark, and that there was no person at or near
the place of the explosion at the time of its occurrence. It
also appeared that the air boxes were leaky at different points,
permitting the gas to escape therefrom, and that the box
was not large enough to take up all the gas accumulating in
the tunnel and driven to its face. Under this testimony, the
jury was fully warranted in finding that the injury resulted
from a defective ventilating system and the defective wiring.
In fact we do not see how a different conclusion could have
been reached.

It is said the complaint does not allege negligence in the
lighting system, but the proof was received without objec-
tion, and must therefore be considered by this court on mo-
tion for nonsuit or directed judgment. An admission of coun-
sel in one case cannot be accepted as proof in another, yet it
is a significant fact that in the case of *Nelson v. Western
Steel Corporation, post* p. 672, 112 Pac. 924, which arose
out of the same accident, counsel for appellant in open court

admitted liability and questioned only the amount of the recovery. We think the record in this case fully justified the course pursued in the *Nelson* case.

We will now refer briefly to the remaining assignments of error. Error is assigned in the admission of testimony tending to show another explosion in the same mine some months before. After this testimony was admitted, it was made to appear that the witness was not present at the time of the former explosion, and his testimony was thereupon stricken from the record and the jury instructed to disregard it. The ruling was therefore harmless if erroneous. The ruling of the court admitting testimony tending to show the condition of the mine at the point where the explosion occurred, some three weeks after the accident, is also assigned as error. This testimony was given by the first person to enter the mine after the explosion, and it would seem immaterial whether it was three hours or three weeks after the accident, so long as the conditions in the mine remained unchanged. Errors are assigned in the charge of the court and in a refusal to charge as requested, but the charge as a whole was clear and specific and exceedingly fair to the appellant.

It is lastly contended that the verdict is excessive. The respondent was badly burned about the hands, arms, face, neck and back. His pain and suffering was necessarily great and long continued. He was badly scarred and disfigured, and will remain so through life. His hands were injured, one of them permanently so. His earning capacity at the time of the accident was upwards of $100 per month, and his earning capacity in the future will be slight at hard manual labor, and he is ill fitted for anything else. Under such circumstances, the verdict is neither unreasonable nor excessive, and the judgment is accordingly affirmed.

DUNBAR, C. J., CHADWICK, CROW, and MORRIS, JJ., concur.