[No. 9234.     Department Two.     January 23, 1911.]

A. F. NELSON, *Respondent*, v. WESTERN STEEL CORPORATION, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for $8,000 for injuries to a coal miner caused by an explosion, reduced by the trial judge to $6,000, will not be held excessive on appeal, where in addition to great pain and suffering, loss of time, and temporary disability, the plaintiff was marred and disfigured for life.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered July 7, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee through an explosion of gas in a coal mine.  Affirmed.

*Lyter & Folsom*, for appellant.

*Govnor Teats, Hugo Metzler*, and *Leo Teats*, for respondent.

RUDKIN, J.—The injuries for which a recovery was here sought arose out of the same accident as those involved in the case of *Mrozevich v. Western Steel Corporation, ante* p. 668, 112 Pac. 925.  In this case, however, liability on the part of the defendant company was admitted, the amount of damages was the only question submitted to the jury, and the claim that excessive damages were allowed, under the influence of passion and prejudice, is the only question presented to this court.  The jury returned a verdict in favor of the plaintiff in the sum of $8,000, but the court below refused a new trial only upon condition that the plaintiff remit the sum of $2,000 from the verdict.  The remission was made as directed, and from a judgment on the verdict as reduced, this appeal is prosecuted.

The pain and suffering endured by respondent in this case and the disfigurement of his person do not differ materially

[1]Reported in 112 Pac. 924.

from those present in the case cited, but here there was no evidence of permanent disability, unless the jury might infer such disability from the condition of the respondent at the time of the trial and from his appearance on the witness stand. It must be conceded that the recovery in this case was liberal, even as reduced by order of the trial court, but so much depends upon the physical appearance of the respondent, who appeared before the trial judge and jury, that we do not feel warranted in overriding their judgment in the matter of damages. Aside from the pain and suffering, loss of time and at least temporary disability, the respondent must go through life marred and disfigured, deprived in a large measure of the comfort and companionship of others, an object of pity and abhorrence to his fellowmen, and an object of ridicule to the thoughtless and unfeeling. *Gray v. Washington Water Power Co.*, 30 Wash. 665, 71 Pac. 206.

Under all the circumstances, therefore, we do not feel called upon to further reduce a verdict which has already been reduced by the trial court, nor do we feel that we would be justified in so doing. Finding no error in the record, the judgment is affirmed.

DUNBAR, C. J., CHADWICK, CROW, and MORRIS, JJ., concur.