## O'BRIEN v. LAS VEGAS & T. R. CO.

(Circuit Court of Appeals, Ninth Circuit. May 28, 1917.)

1. MASTER AND SERVANT ⬥403—ACTIONS FOR INJURIES—INSTRUCTIONS—PRESUMPTIONS AND BURDEN OF PROOF.

Under Workmen's Compensation Act Nev. March 15, 1913 (St. 1913, c. 111), creating a presumption of negligence in cases of personal injuries to an employé in the course of his employment, and placing upon an employer declining to come within the act the burden of proof to rebut this presumption, there was no error in charging that, in determining whether the presumption had been overcome, the jury might properly consider all the evidence, both that of plaintiff and that of defendant.

2. APPEAL AND ERROR ⬥1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an employé's action for injuries, the admission of written statements signed by him after the accident was not error, where they contained nothing materially different from his testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

3. MASTER AND SERVANT ⬥270(6)—ACTION FOR INJURIES—EVIDENCE—CONDITION OF APPLIANCE AFTER INJURY.

In an action for injuries to a driver of a gasoline motor car, sustained in endeavoring to close a drain cock, which was permitting gasoline to escape and ignite, evidence that some eight or ten days after the accident the drain cock was defective, permitting gasoline to escape and ignite, should have been admitted, although plaintiff, not having possession of the machine or access thereto in the meantime, could not prove that there had been no intermediate change in the drain cock, as it was within defendant's power to produce evidence of any change in its condition, and the question of admissibility must be governed largely by the circumstances, the nature of the appliance, the material of which it is constructed, and the use to which it is devoted.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 917.]

4. MASTER AND SERVANT ⬥270(7)—ACTION FOR INJURIES—EVIDENCE—CONDITION OF APPLIANCE AFTER INJURY.

Plaintiff should also have been permitted to prove that when the car was turned over to a witness eight or ten days after the accident the drain cock was wired, since, while evidence of repairs or changes subsequent to the injury and precautions to prevent recurrence of like injuries is not admissible to show negligence, it is admissible as tending to show the condition of the appliance at the time of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 918.]

In Error to the District Court of the United States for the District of Nevada.

Action by William O'Brien against the Las Vegas & Tonopah Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

---

A. Grant Miller, of Reno, Nev., for plaintiff in error.
C. O. Whittemore, of Los Angeles, Cal., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVER-TON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was the plaintiff in the court below in an action to recover damages for personal injuries sustained while he was in the employment of the defendant as a carpenter on the defendant's railroad. The jury found for the defendant. The plaintiff testified that he was proceeding on a gasoline motor section car to his place of work; that the motor car was defective, in that the drain cock of the gasoline tank was defective, worn, and out of repair, so that it permitted gasoline from the tank to escape and fall upon the heated portions of the machinery of the car, whereby the gasoline ignited; and that the plaintiff, while endeavoring to close the drain cock and to stop the car, was thrown off the car and injured.

[1] The Workmen's Compensation Act of Nevada of March 15, 1913, places upon an employer who declines to come within its provisions, as is the case with this defendant, the burden of proof to rebut the presumption of negligence created by the statute in cases of personal injury to an employé in the course of his employment. We find no error in the instruction of the court that, in determining whether the presumption of negligence has been overcome, the jury may properly take into consideration all of the evidence, both that of the plaintiff and that of the defendant.

[2] Nor do we find error in the admission in evidence of the written statements signed by the plaintiff soon after the accident. It is sufficient to say of them that they contain nothing materially different from the plaintiff's testimony on the trial of the case.

[3] The drain cock was not visible from the position in which the plaintiff sat while driving the car. After the gasoline had ignited, he leaned over and observed the gasoline escaping from the drain cock in a stream which he testified was about one-third of its capacity to discharge. He had then proceeded about a mile and a half on his way. The circumstances strongly suggest that by the jar of the machinery the drain cock had worked loose, and that it was defective. The plaintiff offered to prove by the witness Holland, who was directed to use the car some eight or ten days after the accident, the condition in which he found the drain cock, and offered to prove by him that the drain cock was defective at that time, and that the escaping gasoline ignited as before. Counsel for plaintiff admitted that it could not be shown by the witness that the car had not been handled or used during the interval. The court excluded the evidence, stating that:

"A great many things can happen to a stopcock in ten days, and it don't seem to me the company should be held responsible for that unless it was shown it was in that condition at the time of the accident."

We think that the testimony should have been admitted, as tending to show the defective condition of the stopcock at the time of the accident, under the general rule that the condition of an appliance in

the use of which the plaintiff was injured may be shown within a reasonable time after the accident, as tending to show its condition at the time of the injury, in the absence of evidence of a change in the meantime. 29 Cyc. 614. It is true that it has been held in some cases, where a considerable time has elapsed after the accident, that the plaintiff must accompany the evidence of the subsequent condition of the machine or appliance with proof that the condition has not changed in the meantime. But obviously there can be no hard and fast rule to that effect. The question of the admissibility of the evidence in such a case must be governed largely by the circumstances, the nature of the appliance, the material of which it is constructed, and the use to which it is devoted. A drain cock, composed of metal designed to be used continuously as a permanent fixture on a motor car, should not be expected to develop suddenly a defect from wear. If, in this case, it were the fact that eight or ten days after the accident the drain cock worked loose and the gasoline ignited in precisely the same way in which they did when the plaintiff was injured, that fact was strongly corroborative of the plaintiff's evidence that the drain cock was defective at the time of the accident, and we think that he should not be deprived of the benefit of such evidence merely because he, not having had the possession of the machine or access thereto in the meantime, is in no position to prove there has been no intermediate change in the drain cock. His inability to produce such evidence may affect the value, but not the competency, of his proffered testimony. If, in fact, the condition of the drain cock had changed, it was within the power of the defendant to produce evidence of that fact. "Where, in an action for personal injuries, the condition of machinery, appliances, or places for work, as they appeared within a reasonable time after the accident, warrants an inference as to the conditions existing at the time of the accident, such condition may be given in evidence." 26 Cyc. 1427. Among the cases illustrating that rule are Mackie v. Central R. R., 54 Iowa, 540, 6 N. W. 723; Alabama Great Southern R. Co. v. Yount, 165 Ala. 537, 51 South. 737; G., C. & S. F. Ry. v. Johnson, 83 Tex. 628, 19 S. W. 151; Laplante v. Warren Cotton Mills, 165 Mass. 487, 43 N. E. 294; Droney v. Doherty, 186 Mass. 205, 71 N. E. 547; Boyd v. Taylor, 207 Mass. 335, 93 N. E. 589; Brazil Block Coal Co. v. Gibson, 160 Ind. 319, 66 N. E. 882, 98 Am. St. Rep. 281; Brooke v. Chicago Ry. Co., 81 Iowa, 504, 47 N. W. 74; Meyers v. Highland Boy G. M. Co., 28 Utah, 96, 77 Pac. 347; Jackson Lumber Co. v. Cunningham, 141 Ala. 206, 37 South. 445; Mrozevich v. Western Steel Corp., 61 Wash. 668, 112 Pac. 925; Western Union Tel. Co. v. Thorn, 64 Fed. 287, 12 C. C. A. 104; Boston Excelsior Co. v. Sweatt, 229 Fed. 321, 143 C. C. A. 441; Potlatch Lumber Co. v. Anderson, 199 Fed. 742, 118 C. C. A. 180; Blevins v. Cotton Mills, 150 N. C. 493, 64 S. E. 428.

[4] We think, also, that the plaintiff should have been permitted to show, as he offered to show, by the same witness, that at the time when the car was turned over to him the stop cock was wired. While the decided weight of authority is that evidence of repairs or changes made subsequent to the injury, and of precautions to prevent recurrence of like injuries, is not admissible to show negligence or an ad-

mission of negligence, it is held that such evidence may be admitted as tending to show the condition of the appliance at the time of the accident. In 3 Bailey on Personal Injuries (2d Ed.) 2101, it is said:

"So the fact that a defective appliance was repaired after an accident may be shewn upon the question of what was broken, and how, and what was wanting, although improper for the purpose of showing the employer was negligent in not making repairs and alterations before the accident."

See, also, Dow v. Sunset Telephone & Telegraph Co., 157 Cal. 182, 106 Pac. 587; Titus v. Anaconda Copper Min. Co., 47 Mont. 583, 133 Pac. 677; Pullen v. City of Butte, 45 Mont. 46, 121 Pac. 878; Union Pac. R. Co. v. Edmondson, 77 Neb. 682, 110 N. W. 650; Norris v. Atlas Steamship Co. (C. C.) 37 Fed. 426; St. Jos. & D. C. Rld. Co. v. Chase, 11 Kan. 47; City of Emporia v. Schmidling, 33 Kan. 485, 6 Pac. 893; Osborne v. City of Detroit (C. C.) 32 Fed. 36.

"If there is any evidence tending to show that an injury was the result of a defect, and the repairs follow soon after, and the condition of the appliances at the time of the repairs is such as to throw any light upon its condition at the time of the accident, considered with or without the character of the repairs made, then the fact of repairing and the character of repairs made are all proper facts before the jury, to determine its condition at the time of the injury or accident." Louisville & Nashville R. R. Co. v. Malone, 109 Ala. 509, 518, 20 South. 33, 37.

The judgment is reversed, and the cause is remanded for a new trial.