DORSEY L. PETERS, Appellant, v. WELLS-FARGO & COMPANY, a Corporation, Respondent.

First Department, February 6, 1925.

Corporations — foreign corporation — agent on whom service might be made left State — foreign corporation licensed under General Corporation Law, § 16 (now Stock Corp. Law, § 111), does not, under Code of Civil Procedure, § 401 (now Civ. Prac. Act, § 19) and Code of Civil Procedure, § 430 (now Civ. Prac. Act, § 227), leave State when its designated agent leaves State — Statute of Limitations is not suspended during agent's absence — service might have been made on defendant's officers present here — action barred by three-year Statute of Limitations.

The three-year Statute of Limitations applicable to a cause of action arising in Ohio against a foreign corporation doing business in this State is not suspended by the fact that the designated agent of the foreign corporation left the State in 1918 and did not again return, where the designation was never revoked nor any other designation made, for while section 401 of the Code of Civil Procedure (now Civ. Prac. Act, § 19) provides that where a person departs from this State after the cause of action accrues and remains continuously absent for the space of one year, the time of his absence is not a part of the time limit, that section does not apply while the designation of the person to receive process, as described in section 430 of the Code of Civil Procedure (now Civ. Prac. Act, § 227), remains in force.

A foreign corporation licensed to do business in this State under section 16 of the General Corporation Law (now Stock Corp. Law, § 111) does not depart from the State when its designated statutory agent personally leaves the jurisdiction.

During the four years which elapsed between the date of the accrual of the action and the service of the summons, the defendant maintained an office in this State and at any time during that period service could have been made upon its officers resident here.

Accordingly, the action is barred by the three-year Statute of Limitations, since service of the summons was not made within that time.

APPEAL by the plaintiff, Dorsey L. Peters, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of March, 1924, under rule 107 of the Rules of Civil Practice, directing judgment dismissing the complaint on the ground that the cause of action stated in the complaint did not accrue within the time limited by law for the commencement of an action, and also

from a judgment entered in said clerk's office on the 13th day of March, 1924, pursuant to said order.

*Marion B. Pierce* [*James B. Kilburn* of counsel], for the appellant.

*Stockton & Stockton* [*George M. Billings* of counsel], for the respondent.

McAVOY, J.:

An order was made here granting defendant's motion for judgment on the ground that the cause of action stated in the complaint is barred by the Statute of Limitations because not commenced within three years after its accrual. (See Code Civ. Proc. §§ 380, 383, subd. 5; Civ. Prac. Act, § 49, subd. 6.)   There is no doubt but that the three-year statute would bar the cause if the operation of the statute against this claim was not withheld from running by certain facts which it is claimed prevent its application here.

The defendant is a foreign corporation organized under the laws of Colorado. In 1892 it was granted a certificate which authorized it to carry on business in New York. It designated one Frederick J. Hickey as a statutory agent upon whom to serve process. His designation has never been revoked, nor has any other designation ever been made. Hickey has been out of the employment of defendant since July, 1918, and has been outside of the State of New York, and in Pennsylvania, since August, 1918.   This action was commenced September 20, 1921, four years after the cause arose in Ohio on September 20, 1917.

The question, therefore, is: Did the permanent removal from this State of Hickey, the defendant's statutory agent, toll the running of the Statute of Limitations until the appointment of another agent?   In *Norris* v. *Atlas Steamship Company* (37 Fed. 426) it was held that the time to commence an action against a foreign corporation which at the time the cause of action accrued had a resident agent appointed under like statutory provisions, who before the expiration of the period limited for the beginning of the action left the State, was extended until some person was present within the jurisdiction for the service of process pursuant to a new designation.

But our Court of Appeals has come to a different conclusion in *Comey* v. *United Surety Company* (217 N. Y. 268), holding that even the failure to designate a statutory agent did not prevent the running of the Statute of Limitations.   Judge CARDOZO in that cause said: " We think that a foreign corporation thus licensed under our own laws may not with reason be held to be absent from our State.   It owes to the law of its creation its franchise to be a corporation, but it owes to the law of this State the privilege of doing

business within our borders. In exercising that privilege it may be dealt with as if it were in truth a domestic corporation."

Section 401 of the former Code of Civil Procedure, now section 19 of the Civil Practice Act, prescribes that if after a cause of action has accrued against a person, he departs from the State and remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action, but makes the exception that the section does not apply while a designation of a person to receive process made as prescribed in section 430 of said Code (now Civ. Prac. Act, § 227) or in subdivision 2 of section 432 of said Code (now Civ. Prac. Act, § 229, subd. 2) remains in force.

The rule, therefore, seems to be that a corporation which was licensed to do business pursuant to law and had filed a designation of a person upon whom process against the corporation might be served within this State under section 16 of the General Corporation Law does not depart from the State when its designated statutory agent personally leaves the jurisdiction. It is to be noted that section 16 of the General Corporation Law was repealed by chapter 787 of the Laws of 1923 and revised as section 111 of the Stock Corporation Law of 1923 (as amd. by Laws of 1924, chap. 308), and that under the new statute, which does not apply to this action, the Secretary of State becomes the agent upon whom service may be made where the agent designated by the corporation has removed from the State.

Section 16 of the General Corporation Law provides: " If the person so designated dies or removes from the place where the corporation has its principal place of business within the State, or files such revocation of his consent, and the corporation does not within thirty days after such death or removal or revocation of consent designate in like manner another person upon whom process against it may be served within the State, the Secretary of State may revoke the authority of the corporation to do business within the State, and process against the corporation in an action upon any liability incurred within this State before such revocation, may, after such death or removal, or revocation of consent, and before another designation is made, be served upon the Secretary of State."

The sole penalty for a failure to designate a new agent to receive process when a person originally designated removes from the place of business within the State specified by the corporation is thus prescribed. While the liability upon which the corporation may be sued by service of process on the Secretary of State, is only one which may be incurred within this State, that fact does not distinguish this cause from the reasoning of the ruling made in the

*Comey Case* (*supra*).   One of the grounds upon which that rule is made is that the corporation has been permitted to come into the State with its officers and to carry on business here, and is, therefore, not absent from the State within the meaning of the Statute of Limitations, even though its designated agent for the service of process may have removed permanently from the State.

So here the defendant's officers were here throughout the period of limitation.

When it first became possible it duly appointed a statutory agent for the service of process, and in all other respects complied with the requirements of our statute.   It has maintained a principal office at No. 51 Broadway, in the city of New York, ever since that date.   Its executive officers have been at this office daily and have always been available for service of process.   Plaintiff has not been hampered or delayed in any way in his efforts to obtain jurisdiction over the defendant here.   The appearance of the defendant in this action was voluntary.

The Statute of Limitations has, therefore, run and the motion to dismiss was properly granted.

The judgment and order appealed from should, therefore, be affirmed, with costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN; JJ., concur.

Judgment and order affirmed, with costs.