CENTRAL AUTO RENTING CORPORATION, Plaintiff, *v.* CHECKER CAB MANUFACTURING CORPORATION, Defendant.

City Court of New York, Bronx County, January 8, 1934.

*Herman Scheckner*, for the plaintiff.

*Kaufman, Weitzner & Celler* [*Samuel H. Kaufman* and *David G. Haskins* of counsel], for the defendant.

ADLERMAN, J. This action is for conversion of personal property, and the complaint alleges that the acts occurred during the months of December, 1925, and January, 1926. The time within which this action should have been commenced expired in the month of

January, 1932, and it is, therefore, apparent that this action was not commenced within six years from the date it accrued. Under rule 107 of the Rules of Civil Practice it is proper procedure to move for judgment to dismiss the complaint for defects not appearing on the face thereof by showing that the cause of action was not commenced within six years from the date it accrued, and, therefore, is barred by the Statute of Limitations. (*Koerner* v. *Apple*, 120 Misc. 266; *Peters* v. *Wells Fargo & Co.*, 211 App. Div. 772.) The defendant in this case is a foreign corporation. It has been settled law in this State that a foreign corporation cannot avail itself of the Statute of Limitations. The rule obtains, although the corporation has, before the commencement of the action, for the time specified in the statute, continuously operated and carried on a railroad in this State and has property and officers therein. (*Boardman* v. *Lake Shore & Mich. S. Ry. Co.*, 84 N. Y. 157; *Olcott* v. *Tioga R. R. Co.*, 20 id. 210; *Rathbun* v. *Northern Central Ry. Co.*, 50 id. 656; *Comey* v. *United Surety Co.*, 217 id. 268.) Motion to dismiss complaint denied. Submit order.